EL PUEBLO DE PUERTO RICO en interés del menor J.M.R.V. *v.* LINDA VÁZQUEZ DEFORTH, interventora y recurrente.

*Número:* R-78-459 *Resuelto:* 7 de marzo de 1979

*Manuel J. Vera Vera, Miguel A. Ruiz, Sonia I. Guzmán Millán, Luis A. Fossé Milán, Mario Guzmán Pérez, Carlos E. Ríos Moreu,* abogados de la interventora y recurrente; *Héctor A. Colón Cruz, Procurador General, Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo de Puerto Rico.

PER CURIAM: ■ El primero de septiembre de 1977 el Tribunal de Distrito, Sala de Aguadilla, concedió la custodia provisional del menor J.M.R.V. a su padre. A base de la Ley Núm. 47 de 29 de mayo de 1973 (34 L.P.R.A. secs. 2101–2106) el Tribunal de Distrito tenía facultad para ello, ya que dicha ley concede a ese tribunal "jurisdicción concurrente con el Tribunal Superior en casos de emergencia en que está envuelta la custodia de un niño." (Art. 1, 34 L.P.R.A. sec. 2101.) El Tribunal Superior fue notificado de la resolución dictada por el Tribunal de Distrito y la confirmó mediante resolución dictada el 27 de septiembre de 1977.

El 6 de noviembre de 1978 la señora madre del menor compareció ante el Tribunal Superior en solicitud de que se realice una nueva investigación social de las partes, para así determinar si procede la transferencia de la custodia del menor. Solicitó, además, que se le permita examinar dicho informe una vez sea rendido, ya que el mismo podría ser usado para la adjudicación del caso.

El Tribunal Superior denegó lo solicitado por entender que la Ley Núm. 47 de 29 de mayo de 1973 no proveía para la reapertura del caso y la transferencia de custodia solicitadas.

La interventora recurrió ante este Tribunal, y el 25 de enero de 1979 dictamos la siguiente resolución:

"Tenga la parte recurrida un plazo a vencer el 12 de febrero de 1979 para mostrar causa por la cual no deba expedirse el auto solicitado, dejar sin efecto la resolución del Tribunal Superior,

Sala de Aguadilla, Asuntos de Menores, el 29 de noviembre de 1978, en el asunto núm. JC-77-10, y en su lugar disponer que por dicha Sala se atienda la solicitud de la interventora, aquí recurrente, de fecha 6 de noviembre de 1978 conforme a los procedimientos estatuidos en la Ley núm. 97 de 23 de junio de 1955, 34 L.P.R.A. sec. 2001 ss."

El Procurador General compareció, e indica en su informe que no tiene objeción a que el Tribunal Superior atienda la solicitud de la interventora. Señala, además, que nada en la Ley Núm. 47 de 29 de mayo de 1973 lo impide. Tiene razón.

▇ El propósito de dicha ley es únicamente conceder facultad al Tribunal de Distrito concurrente con el Tribunal Superior, para entender, en aquellos casos de emergencia en que está planteada la custodia de un niño. (Exposición de Motivos de la Ley Núm. 47 de 29 de 1973.) Luego de ordenar lo que proceda en el caso, el Tribunal de Distrito tiene que notificar de ello al Tribunal Superior dentro de las 24 horas de haber expedido la orden, de manera que el Tribunal Superior pueda continuar con los procedimientos de rigor. (34 L.P.R.A. sec. 2105.) Es obvio, pues, que cuando una sala del Tribunal de Distrito interviene con la custodia de un niño en virtud de la Ley Núm. 47, no queda por ello el Tribunal Superior privado de su facultad primaria para actuar en el caso. Una vez el Tribunal de Distrito determina la custodia en una situación de emergencia, el caso se envía al Tribunal Superior para que ahí se continúen los procedimientos que sean necesarios.

El Tribunal Superior no está impedido de reexaminar los casos de custodia sobre los cuales ya exista una orden o resolución. La Ley Núm. 97 de 23 de junio de 1955 confiere autoridad sobre todo asunto relacionado con niños al Tribunal Superior, incluyendo específicamente la custodia. (34 L.P.R.A. secs. 2001(a), 2002(2).) Le concede, además, la facultad de modificar cualquier determinación que tome sobre un niño:

"Cualquier orden o resolución relacionada con un niño podrá ser modificada por el juez en cualquier momento . . . . Si después de considerar los hechos alegados el juez entiende que la solicitud aduce fundamentos suficientes ordenará una investigación y previa notificación a todos los interesados recibirá prueba y resolverá lo que a su juicio sea procedente. . . ." (34 L.P.R.A. sec. 2013.)

El Tribunal Superior erró, por tanto, al denegar la solicitud de la recurrente. Tenía facultad para reabrir el caso, y debió hacerlo en vista de las circunstancias aquí presentes y de lo alegado por la madre del menor. Se trata de un niño de dos años de edad cuya custodia provisional se concedió al padre como una medida de emergencia en determinado momento hace más de un año. La madre alega que las circunstancias ahora son distintas. Dice que ha adquirido una casa donde puede atender adecuadamente al niño y tenerlo consigo, mientras que en la casa del padre quien lo atiende es la abuela paterna. Alega además que el padre tiene problemas por su adicción al uso del alcohol. Todo lo que ella pide es que estas circunstancias se investiguen. La obligación del tribunal de velar por la conveniencia de este niño exige que se reexamine la situación y se determine si es aconsejable que se transfiera su custodia.

*Se expedirá el auto, se revocará la resolución recurrida y se ordenará que se reabra el caso, se ordene la investigación solicitada, y se disponga finalmene como mejor convenga al bienestar del niño.*